# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : Criminal No. 3:06-CR-00255 |
| **MALIK ABUHAMID IBM WAKIL ABDUNAFI** | : (Judge Munley) |

## MEMORANDUM

Before the court for disposition is the defendant's motion for judgment of acquittal, which was filed under Rule 29 of the Federal Rules of Criminal Procedure.[1] The matter has been fully briefed and is ripe for disposition. For the following reasons, the motion will be denied.

**Background**

This case involves the distribution of cocaine, crack cocaine, heroin, and marijuana in Lackawanna County Pennsylvania. The government alleges that Defendant Malik Abuhamid Ibm Wakil Abdunafi conspired with multiple individuals to distribute and distributed controlled substances. On July 25, 2006, the United States filed an Indictment against defendant charging him with: Count 1, conspiracy regarding distribution and possession with intent to distribute in excess of 50 grams of cocaine base (crack), in excess of 500 grams of cocaine, and additional quantities of heroin and marijuana, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A); Count 2, distribution of cocaine and cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1); Count 3, distribution of heroin, in violation of 21 U.S.C. § 841(a)(1); Count 4, possession with intent to distribute more than 500 grams of cocaine, more than five grams of

---

[1] Rule 29 of the Federal Rules of Criminal Procedure provides as follows: "A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later, or within any other time the court sets during the 7-day period."

cocaine base (crack), and additional quantities of heroin and marijuana, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B); Count 5, requiring the forfeiture of any property resulting from a violation of Counts 1-4.  (See Doc. 25).

On November 17, 2006, after a five-day trial, a jury returned a guilty verdict against the defendant with respect to the conspiracy charges involving cocaine base (crack) in excess of 50 grams, cocaine in excess of 500 grams, heroin, and marijuana; distribution of cocaine and cocaine base; distribution of heroin; and possession with intent to distribute cocaine base (crack) in excess of five grams, cocaine in excess of 500 grams, heroine, and marijuana.  (See Doc. 63).

Defendant now moves for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure relating to the conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine and conspiracy to distribute and possess with intent to distribute in excess of 50 grams of cocaine base (crack) verdicts.  Defendant asserts that the evidence presented at trial was insufficient to sustain these convictions.  The matter has been fully briefed.  After careful review, we will deny the defendant's motion.  We will discuss the cocaine verdicts and the crack cocaine charges verdicts separately.

I. Sufficiency of the evidence with regard to conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine

Count 1 charges, *inter alia*, that defendant conspired to distribute and possessed with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1).  The jury found the defendant guilty of this charge.  (Doc. 63, Verdict at 2, 3).  He now challenges the sufficiency

of the government's evidence that he: A) conspired to distribute and possess with intent to distribute cocaine; and B) that the objective of the conspiracy was ultimately to distribute in excess of 500 grams of cocaine.

The law provides as follows:

> In reviewing a challenge to the sufficiency of the evidence, we apply a particularly deferential standard of review. The verdict must be sustained if there is substantial evidence to support it. It is not our role to weigh the evidence to determine the credibility of the witnesses. We must view the evidence in the light most favorable to the Government and sustain the verdict if any rational juror could have found the elements of the crime beyond a reasonable doubt.

United States v. Cartwright, 359 F.3d 281, 285-86 (3d Cir. 2004)(internal quotation marks and citations omitted).

*A. Conspiracy regarding distribution and possession with intent to distribute cocaine*

Under the law, the elements of a charge of conspiracy to distribute and possess with intent to distribute controlled substances are: 1) unity of purpose between the alleged conspirators; 2) an intent to achieve a common goal; and 3) an agreement to work together toward that goal. United States v. Pressler, 256 F.3d 144, 149 (3d Cir. 2001)(citing United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999)).  The "essence of criminal conspiracy... is an agreement, either explicit or implicit, to commit an unlawful act, combined with intent to commit an unlawful act, combined with intent to commit the underlying offense." Id.  The existence of a conspiracy can be established entirely through circumstantial evidence. United States v. Kapp, 781 F.2d 1008, 1010 (3d Cir. 1986)(citing United States v. Inadi, 748 F.2d 812, 817 (3d Cir. 1984)). Additionally, the Supreme Court noted that "the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of

3

conspiring with persons whose names are unknown." Rogers v. United States, 340 U.S. 367, 375 (1951)(explaining that failure to personally identify coconspirators is not fatal to a conspiracy conviction).

The facts supporting this charge as presented at trial are: Shavette Swain testified that defendant recruited and introduced her to drug dealing, as well as provided her with drugs to sell. (Notes of Trial Testimony (Hereinafter "N.T.") 11/15/07 at 32-33). She would give defendant a percentage of her revenues generated from drug deals. (N.T. 11/15/07 at 34). Defendant initially bought her the "chirping" Nextel phone used to keep in contact, but she eventually repaid him. (N.T. 11/15/07 at 36-37).

Gabrielle Hughes testified that on one occasion when defendant was unavailable to sell drugs, defendant referred her to Shavette Swain who, subsequently, sold her cocaine. (N.T. 11/14/07 at 12-13).

Kim McGraw testified that on one occasion, while at the Super 8 Motel to purchase cocaine from defendant, two individuals, "Sol" and "Trunge," retrieved cocaine from another room at defendant's request, which was then sold to McGraw. (N.T. 11/14/07 at 114-115). On a separate occasion when defendant was unavailable to sell drugs, defendant referred McGraw to "Sol" and "Trunge" at the Super 8 Motel who, subsequently, sold her cocaine. (N.T. 11/14/07 at 116-117).

Kimberly Doyle testified that on one occasion when defendant was unavailable to sell cocaine, defendant referred her to "two boys" at his Super 8 Motel room. (11/15/07 at 209). Upon arriving at the motel, one of the them was there and expecting Doyle. (11/15/07 at 209-210). He, subsequently, sold her cocaine. Id.

Defendant claims that the evidence fails to establish that he

conspired to distribute and possess with the intent to distribute cocaine. When viewed in the light most favorable to the Government, however, we find that the jury could certainly have concluded, based on the evidence outlined above, that the defendant conspired with others to distribute and possess with the intent to distribute cocaine.  Defendant recruited Shavette Swain and supplied her with drugs and a mobile phone.  He repeatedly referred customers to Swain when he himself was unavailable to sell drugs and collected a percentage of her revenues.  Defendant was also assisted in the sale of cocaine by "Sol" and "Trunge" on more than one occasion.  A jury could, therefore, reasonably deduce that the defendant conspired with others to distribute and possess with intent to distribute cocaine. Defendant's argument is without merit, and the motion with regard to conspiracy to distribute and possess with intent to distribute cocaine will be denied.

*B. Weight of cocaine*

Next defendant challenges the sufficiency of the evidence with regard to the weight of the cocaine.  For the verdict to stand, the quantity of the mixture or substance containing a detectible amount of cocaine that the defendant conspired to distribute or possess with the intent to distribute must be in excess of 500 grams.

The facts supporting this charge as presented at trial are: Detective Weichel testified that at 553 Kennedy Street, Scranton, police recovered a Ziploc bag containing a white powder, a plastic bag containing powder, one plastic bag containing a substance, 578 white glassine packets containing powder stamped "Always Good," 47 white glassine packets containing powder stamped "Dog Food," a scale, and additional packaging material

including Superman logo bags. (N.T. 11/14/07 at 181-190). The lab established that the bags contained the following substances: 631 grams of cocaine hydrochloride, 14.5 grams cocaine hydrochloride, as well as crack cocaine and heroin. (N.T. 11/14/07 at 189-190). Additionally, the same type of Superman bags were seized from the Super 8 Motel room where defendant sold cocaine and other substances. (N.T. 11/14/07 at 174).

William Robbins, defendant's cousin who permanently resides at 553 Kennedy Street, testified that he gave defendant a key to the residence. (N.T. 11/15/07 at 231). Robbins further testified that defendant kept clothes at 553 Kennedy Street. (N.T. 11/15/07 at 236-237). Defendant was allowed to come and go as he pleased. (N.T. 11/15/07 at 237). Furthermore, Sandra Howe, a neighbor near 553 Kennedy Street, testified that she previously observed defendant at the residence. (N.T. 11/16/07 at 127).

Kim McGraw testified that she requested drugs from defendant. (N.T. 11/14/07 at 103). Defendant, out of drugs, picked up McGraw and drove to the 553 Kennedy Street residence. (N.T. 11/14/07 at 103). Defendant entered the house for few minutes and returned to the car. (N.T. 11/14/07 at 104). Defendant then gave McGraw cocaine. (11/14/07 at 104). McGraw visited 553 Kennedy Street with defendant on three occasions. (N.T. 11/14/07 at 102). Defendant told her the apartment was owned by a relative. (N.T. 11/14/07 at 103).

Defendant claims that evidence fails to establish that the objective of the conspiracy was to distribute and possess with the intent to distribute *in excess of 500 grams of cocaine*. When viewed in the light most favorable

to the Government, however, we find that the jury could certainly have concluded, based on the evidence outlined above, that the defendant conspired with others to distribute and possess with intent to distribute in excess of 500 grams of cocaine.  Defendant had access to 553 Kennedy Street where over 600 grams of cocaine was discovered.  The packing bags found at the residence were identical to the packing bags found in the Super 8 Motel room where defendant sold drugs.  On multiple occasions, defendant entered the residence without cocaine and emerged minutes later with the drug, which he then distributed.  A jury could, therefore, reasonably deduce that the defendant conspired with others to distribute and possess with intent to distribute in excess of 500 grams of cocaine.  Defendant's argument is without merit, and the motion with regard to the weight of the cocaine will be denied.

II. Sufficiency of the evidence with regard to conspiracy to distribute and possess with intent to distribute in excess of 50 grams of cocaine base (crack)

   Count 1 also charges that defendant conspired to distribute and possessed with intent to distribute in excess of 50 grams of cocaine base (crack) in violation of 21 U.S.C. § 841.  This section criminalizes the conspiring to distribute and possess with intent to distribute in excess of 50 grams of cocaine base (crack).  The jury found the defendant guilty of this charge.  (Doc. 63, Verdict at 4, 5).  He now challenges the sufficiency of the government's evidence that he: A) conspired to distribute and possess with intent to distribute cocaine base (crack); and B) that the objective of the conspiracy was ultimately to distribute in excess of 50 grams of cocaine base (crack).  The standard is the same as set forth above in

Section I.  (See supra p.3).

*A. Conspiracy regarding distribution and possession with intent to distribute cocaine base (crack)*

The facts supporting this charge as presented at trial are: Caitlin Poehlman testified that defendant had her sample a batch of crack cocaine cooked by him in order to determine its quality.  (N.T. 11/13/07 at 62).

Detective Weichel testified that a Pyrex bowl and a heating plate were recovered from defendant's van following his arrest.  (N.T. 11/14/07 at 206-212).  Lab tests confirmed that residue on the hot plate was crack cocaine.  Id.  Two "younger black gentlemen" were present in the van at the time of the arrest.  (N.T. 11/14/07 at 163).  Shavette Swain referred to them as defendant's nephews.  (N.T. 11/15/07 at 54).

Donielle Lagabed testified that she purchased crack cocaine at the Super 8 Motel from the defendant and that two black males were present. (N.T. 11/16/07 at 63-64).

Kim McGraw testified that she observed defendant sell crack cocaine to another customer at the Super 8 Motel.  (N.T. 11/14/07 at 106).  On one occasion, while at the Super 8 Motel to purchase cocaine from defendant, two black youths, "Sol" and "Trunge," retrieved powder cocaine from another room at defendant's request, which was then sold to McGraw. (N.T. 11/14/07 at 114-115).

Kimberly Doyle testified that one occasion when defendant was unavailable to sell cocaine, defendant referred her to "two boys" at the his Super 8 Motel room.  (11/15/07 at 209).  Upon arriving at the motel, one of them was expecting Doyle and, subsequently, sold her cocaine.  (N.T. 11/15/07 at 209-210).

8

Shavette Swain testified that she accompanied defendant in his car during crack cocaine drug deals. (N.T. 11/15/07 at 31). Defendant recruited and introduced her to drug dealing, as well as provided her with drugs to sell. (Notes of Trial Testimony (Hereinafter "N.T.") 711/15/07 at 32-33). She would give defendant a percentage of her revenues generated from drug deals. (N.T. 11/15/07 at 34). Defendant initially bought her the "chirping" Nextel phone used to keep in contact, but she eventually repaid him. (N.T. 11/15/07 at 36-37).

Defendant claims that the evidence fails to establish that he conspired to distribute and possess with the intent to distribute crack cocaine. When viewed in the light most favorable to the Government, however, we find that the jury could certainly have concluded, based on the evidence outlined above, that the defendant conspired with others to distribute and possess with the intent to distribute crack cocaine. Poehlman agreed to assist defendant by sampling crack cocaine he cooked. Defendant recruited Swain to deal cocaine and heroin and included her in crack cocaine deals. Two witnesses testified that defendant dealt crack cocaine out of his Super 8 Motel room. Two black youths were present at the motel during transactions. Similarly, two black youths assisted defendant on two occasions with powder cocaine deals at the motel. Again, two black youths were in the van, where the Pyrex bowl and heating plate with crack cocaine residue were found, when defendant was arrested. It can be inferred that the two black youths were the same individuals in each instance and had assisted in defendant's crack cocaine distribution. A jury could, therefore, reasonably deduce that the defendant conspired with others to distribute and possess with intent to distribute

crack cocaine. Defendant's argument is without merit, and the motion with regard to conspiracy to distribute and possess with intent to distribute cocaine base (crack) will be denied.

*B. Weight of the cocaine base (crack)*

Next defendant challenges the sufficiency of the evidence with regard to the weight of the crack cocaine. For the verdict to stand, the quantity of the mixture or substance containing a detectible amount of crack cocaine that the defendant conspired to distribute or possess with the intent to distribute must be in excess of 50 grams.

The facts supporting this charge as presented at trial are: Detective Weichel testified that at 553 Kennedy Street, Scranton, police recovered a Ziploc bag containing a white powder, a plastic bag containing powder, one plastic bag containing a substance, 578 white glassine packets containing powder stamped "Always Good," 47 white glassine packets containing powder stamped "Dog Food," a scale, and additional packaging material including Superman logo bags. (N.T. 11/14/07 at 181-190). The lab established that bags contained the following substances: 5.4 grams crack cocaine, as well as large amounts of cocaine and heroine. (N.T. 11/14/07 at 189-190). Additionally, the same type of Superman bags were seized from the Super 8 Motel room where defendant sold cocaine and other substances. (N.T. 11/14/07 at 174).

William Robbins, defendant's cousin who permanently resides at 553 Kennedy Street, testified that he gave defendant a key to the residence. (N.T. 11/15/07 at 231). Robbins further testified that defendant kept clothes at 553 Kennedy Street. (N.T. 11/15/07 at 236-237). Defendant was allowed to come and go as he pleased. (N.T. 11/15/07 at 237).

Furthermore, Sandra Howe, a resident near 553 Kennedy Street, testified that she previously observed defendant at the residence. (N.T. 11/16/07 at 127).

Kim McGraw testified that she requested drugs from defendant. (N.T. 11/14/07 at 103). Defendant, out of drugs, picked up McGraw and drove to the 553 Kennedy Street residence. (N.T. 11/14/07 at 103). Defendant entered the house for few minutes and returned to the car. (N.T. 11/14/07 at 104). Defendant then gave McGraw cocaine. (11/14/07 at 104). She visited 553 Kennedy Street with defendant on three occasions. (N.T. 11/14/07 at 102). Defendant told her the apartment was owned by a relative. (N.T. 11/14/07 at 103).

McGraw also observed defendant sell crack cocaine to another customer at the Super 8 Motel. (N.T. 11/14/07 at 106).

Joseph Paolucci testified that he was able to obtain in excess of 3 grams of crack cocaine from defendant for $150. (N.T. 11/16/07 at 17). Paolucci purchased approximately a thousand dollars of crack cocaine from defendant. Id.

Donielle Lagabed testified that she purchased crack cocaine from defendant. (N.T. 11/16/07 at 63-64).

Caitlin Poehlman testified that defendant supplied her with crack cocaine. (N.T. 11/13/07 at 57). Poehlman witnessed defendant in possession of a bag of crack cocaine. (N.T. 11/13/07 at 62). Defendant had her sample a batch of crack cocaine cooked by him in order to determine its quality. Id.

Defendant claims that evidence fails to establish that the objective of the conspiracy was to distribute and possess with the intent to distribute *in*

*excess of 50 grams of crack cocaine*.  When viewed in the light most favorable to the Government, however, we find that the jury could certainly have concluded, based on the evidence outlined above, that the defendant conspired with others to distribute and possess with intent to distribute in excess of 50 grams of crack cocaine.  Defendant had access to 553 Kennedy Street where 5.4 grams of crack cocaine was discovered.  The packing bags found at the residence were identical to the packing bags found in the Super 8 Motel room where defendant sold drugs.  On multiple occasions, defendant entered the residence without drugs and emerged minutes later with the drug, which he then distributed.  It can be inferred that defendant sold more than 20 grams of crack cocaine to Paolucci.  Defendant also dealt crack cocaine to Lagabed, Poehlman, and an unidentified customer at the Super 8 Motel.  A jury could, therefore, reasonably deduce that the defendant conspired with others to distribute and possess with intent to distribute in excess of 50 grams of crack cocaine.  Defendant's argument is without merit, and the motion with regard to the weight of cocaine base (crack) will be denied.

**Conclusion**

For the reasons set forth above, we find that sufficient evidence was presented at trial to support the jury's verdict that defendant conspired to distribute and possessed with intent to distribute in excess of 500 grams of cocaine and in excess of 50 grams of cocaine base (crack).  The defendant's motion for judgment of acquittal will be denied.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **Criminal No. 3:06-CR-00255** |
| **v.** : | |
| **MALIK ABUHAMID IBM WAKIL ABDUNAFI** : | **(Judge Munley)** |

## **ORDER**

    **AND NOW** to wit, this 2nd day of August 2007, defendant's Motion for Judgment of Acquittal Pursuant to Rule 29 of the Federal Rules of Criminal Procedure (Doc. 79) is **DENIED**.

                              **BY THE COURT:**

                              **s/ James M. Munley
                              JUDGE JAMES M. MUNLEY
                              United States District Court**