IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MALIK ABUHAMID IBM : No. 3:06cr255
WAKIL ABDUNAFI, : No. 3:09cv696
    Petitioner :
: (Judge Munley)
v. :
:
UNITED STATES OF AMERICA, :
    Respondent :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Malik Abuhamid Ibm Wakil Abdunafi motion to vacate, set aside or correct sentence. The matter has been fully briefed and is ripe for disposition.

**Background**

On November 17, 2006, after a five-day trial, a jury found defendant guilty of the following drug trafficking and conspiracy charges: 1) conspiracy to distribute and possess with intent to distribute heroin, cocaine, cocaine base (crack) and marijuana in violation of 21 U.S.C. § 846; 2) distribution of cocaine and cocaine base (crack) in violation of 21 U.S.C. § 841; 3) distribution of heroin in violation of 21 U.S.C. § 841 and 4) Possession with intent to distribute more than 500 grams of cocaine, at least 5 grams of cocaine base (crack), heroin and marijuana. (Doc. 63, Verdict). The court sentenced defendant to a two hundred forty-month term of imprisonment. (Doc. 97, Criminal Judgment).

On March 27, 2008, defendant filed post-trial motions for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. (Doc. 79). This court denied the motion. (Doc. 94). Defendant appealed to the Third Circuit Court of Appeals. (Doc. 98, Notice of Appeal). The Third

Circuit affirmed this court's judgment on November 26, 2008. (Doc. 107). Defendant then filed the instant motion to vacate pursuant to 28 U.S.C. § 2255.

**Standard of review**

Defendant moves for relief under 28 U.S.C. § 2255, which reads in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> ...
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255.

The motion raises three issues involving ineffectiveness of counsel. The United States Supreme Court has found that "'the right to counsel is the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. In order to prove that his counsel was deficient at trial or sentencing, a defendant must

2

convince a court of two factors: "[f]irst, the defendant must show that counsel's performance was deficient[,] . . that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Substandard lawyering is not enough to obtain relief, however: "[s]econd, the defendant must show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Relief is only available to defendants who make "both showings." Id. In sentencing, "prejudice exists where the deficient performance affected a defendant's sentence." United States v. Hankerson, 496 F.3d 303, 310 (3d Cir. 2007).

We will address each issue raised by the defendant in turn.

## 1. Counsel's advise with regard to the advantages of accepting plea offer

In the instant case, the government offered the defendant a plea agreement made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which binds the court to the sentence or sentencing range agreed to by the government and the defendant. Specifically the rule provides:

> An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. . . . [T]he plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does not apply **(such a recommendation or request binds the court once the court accepts the plea agreement)**.

FED. R. CRIM. P. 11(c)(1)(C) (emphasis added).

The plea offered to the defendant provided for a sentence of 120

3

months. (Def. Ex. A, Proposed Plea Agreement, ¶ 9) ("Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree to the following regarding the defendant's sentence: (1) the defendant and the government agree that the appropriate prison sentence for the offense is 120-month term of imprisonment[.]").

Defendant argues that his appointed counsel incorrectly advised him that the court would not be bound by the agreement at sentencing. Accordingly, he decided to go to trial which exposed him to 240 months in prison, or twice what the plea agreement provided. Defendant asserts that had counsel provided appropriate advice - - that once the court accepted the plea, the maximum sentencing exposure was 120 months - - then he would not have proceeded to trial but rather would have accepted the plea offer.

The government argues that it offered the defendant a plea agreement that was explained to him by two different defense attorneys. The proposed plea agreement, which the defendant never signed, provided that if the court sentenced the defendant to a sentence different from that agreed to by the parties, then he could withdraw from the agreement. (Doc. 110, beginning on page 7, Defendant's Exhibit A, Proposed Plea Agreement ¶ 9). The proposed agreement further indicated that the court would not be a party to the agreement and is not bound by it. If the court rejected it, however, no party would be bound. (Id. at ¶ 13).

Additionally, the government has submitted the affidavit of defense counsel that indicates that she fully explained the nature of the binding plea agreement to the defendant and that he clearly understood it. (Doc.

4

119-2, United States' Attachment 1, Ulrich Declaration at ¶ 4).

The government argues that based upon all these circumstances, and the fact that the defendant is a college graduate, no basis exists for granting the defendant's section 2255 motion.

After a careful review, we find that the determination of this issue involves resolving a factual issue, that is, exactly what did defense counsel tell the defendant. The defendant has one version of what transpired and the government has presented another. As this issue involves a factual question, a hearing on this issue is needed. See Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001)("Section 2255 requires that a hearing precede any District Court determination of a disputed fact concerning petitioner's entitlement to relief."). The court will thus reserve ruling on this issue until a hearing has been held.

### 2. Speedy Trial rights

The second argument raised by the defendant is that counsel was ineffective in not pressing his speedy trial rights. The Speedy Trial Act generally provides that a defendant must be brought to trial within seventy days of his initial appearance of the filing date of the information. Specifically, the Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

If a defendant is not brought to trial within this time period, "the information or indictment shall be dismissed on motion of the defendant[.]"

5

18 U.S.C. § 3162(a)(2).

Certain periods of time are excluded in computing the speedy trial time. Defendant argues that when time is excluded from the speedy trial calculation, the court must make a finding regarding the "ends of justice" balance.

In its brief in opposition to the section 2255 motion, the government notes that in continuing the defendant's trial, the court did make such a balance. The court found that the continuance "outweighs the best interests of the public and the Defendant in a speedy trial and that it should be excluded under the Speedy Trial Act." For this statement the government cites to document 37 on the docket. In his reply, the defendant notes that the government did not include a copy of document 37 in its answer. He concedes, however, that such an "ends of justice" balance was rendered "contingent upon the Government agreeing to furnish Abdunafi with a copy of 'Doc 37' at any evidentiary hearing on the claim(s)." (Doc. 120, Defendant's Reply Brief at 2-3).

The court has reviewed document 37, and it does indeed include the appropriate balancing that excludes the time from speedy trial consideration. (Doc. 37, Order of Sept. 21, 2006, (indicating that "the Court hereby finds that the ends of justice will be served affording all parties a period of time to obtain discovery and to evaluate the need for pre-trial motions. Defendant is also seeking to retain private counsel. The Court further finds that such a continuance outweighs the best interests of the public and the Defendant in a speedy trial and that it should be

excluded under the Speedy Trial Act[.]").[1] Accordingly, the section 2255 motion based upon this ground will be denied.

### 3. Prior conviction and sentencing

The final issue raised by the defendant involves trial counsel's failure to object to the use of a prior conviction that was used to enhance defendant's sentence. Defendant argues that the prior conviction was not constitutionally imposed, and therefore, it cannot be used to enhance his sentence. The conviction that defendant refers to is a District of Columbia conviction for attempted possession with intent to distribute cocaine. (Doc. 110, Memorandum in Support of Motion, at 5-6). Defendant asserts that his guilty plea was accepted in that case without an affirmative showing that the plea was intelligent and voluntary. (Id. at 6). He argues that the conviction is thus unconstitutional and cannot be used to enhance his sentence in the instant case.

The government responds that defendant has offered nothing, aside from his own self-serving statements to establish that the conviction is in fact, invalid. In his reply brief, the defendant indicates that he is challenging the guilty plea in a habeas corpus filed in the District of Columbia as not knowingly and intelligently made. (Doc. 120, Defendant's Reply at 3). As the conviction has not been deemed by a court to be unconstitutional, defendant's argument fails and it was not ineffective assistance of counsel for defendant's counsel to fail to raise the issue at sentencing. Therefore, this ground for relief will be denied.

---

[1] A copy of document 37 is attached to this memorandum.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MALIK ABUHAMID IBM
WAKIL ABDUNAFI,
: No. 3:06cr255
: No. 3:09cv696
Petitioner

: (Judge Munley)
v.

UNITED STATES OF AMERICA,
Respondent
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 27 day of October 2009, the defendant's motion to vacate pursuant to § 2255 is **DENIED** with regard to the Speedy Trial claim and the prior conviction/sentencing claim. The court will rule on the issue of the plea agreement after a hearing is held. The hearing will be set by further order of court.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

# Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : 3:06-CR-255
:
: (Judge Munley)
v. :
:
MALIK ABUHAMID IBM WAKIL ABDUNAFI, :
    Defendant :

## ORDER

AND NOW, this 21st day of September 2006, for the reasons stated in the defendant's motion for enlargement of time and continuance of trial, filed with the concurrence of Government Counsel, the Court hereby finds that the ends of justice will be served by affording all parties a brief period of time to obtain discovery and to evaluate the need for pre-trial motions. Defendant is also seeking to retain private counsel.

The Court further finds that such a continuance outweighs the best interests of the public and the Defendant in a speedy trial and that it should be excluded under the Speedy Trial Act.

Accordingly, it is therefore ORDERED:

1. The deadline for filing pretrial motions is extended until 10/20/06.

2. The trial is rescheduled to commence with the selection of a jury on November 13, 2006 at 8:30AM.

3. The period of time from the signing of this Order to the rescheduled date of trial shall be excluded under the Speedy Trial Act 18 USC § 3161 (h)(8)(A).

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court