IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIK ABUHAMID IBM WAKIL ABDUNAFI,<br>                  Petitioner<br><br>       v.<br><br>UNITED STATES OF AMERICA,<br>                  Respondent | No. 3:06cr255<br>No. 3:09cv696<br><br>(Judge Munley) |

## **MEMORANDUM**

Before the court is Malik Abuhamid Ibm Wakil Abdunafi's (hereinafter "defendant") motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. ¶ 2255. The matter has been fully briefed and is ripe for disposition.

**Background**

On November 17, 2006, after a five-day trial, a jury found defendant guilty of several drug trafficking conspiracy crimes. (Doc. 63, Verdict).[1] The court sentenced defendant to a two hundred forty-month term of imprisonment. (Doc. 97, Criminal Judgment).

On March 27, 2008, defendant filed a post-trial motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. (Doc. 79). This court denied the motion. (Doc. 94). Defendant appealed

---

[1] Specifically, the jury found the defendant guilty of the following: 1) conspiracy to distribute and possess with intent to distribute heroin, cocaine, cocaine base (crack) and marijuana in violation of 21 U.S.C. § 846; 2) distribution of cocaine and cocaine base (crack) in violation of 21 U.S.C. § 841; 3) distribution of heroin in violation of 21 U.S.C. § 841 and 4) Possession with intent to distribute more than 500 grams of cocaine, at least five (5) grams of cocaine base (crack), heroin and marijuana. (Doc. 63, Verdict).

to the Third Circuit Court of Appeals. (Doc. 98, Notice of Appeal). The Third Circuit affirmed this court's judgment on November 26, 2008. (Doc. 107).

Defendant then filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. The court ruled on several issues contained in the motion in a memorandum and order issued on October 27, 2009. (Doc. 121, Memorandum and Order of Oct. 27, 2009). We found, however, that we needed a hearing to determine one issue, that is, whether defendant's counsel adequately explained the plea agreements that had been offered to him by the government. Accordingly, we appointed counsel for the defendant and held a hearing on March 10, 2010. After the hearing was transcribed, the parties submitted post-hearing briefs. The matter is now ripe for disposition.

**Standard of review**

Defendant moves for relief under 28 U.S.C. § 2255, which provides that a court that has sentenced a defendant may vacate, set aside or correct the sentence if it is unconstitutional or a violation of federal law. Specifically section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine

2

> the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255.

**Discussion**

The remaining issue in defendant's motion asserts ineffectiveness of counsel. The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions the accused shall have the assistance of counsel for his defense. The United States Supreme Court has found that "'the right to counsel is the right to the effective assistance of counsel.'" <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984) (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970)). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Id.</u>

In order to prove that his counsel was deficient at trial or sentencing, a defendant must convince a court of two factors: "[f]irst, the defendant must show that counsel's performance was deficient[,] . . . that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> at 687. Substandard lawyering is not enough to obtain relief, however: "[s]econd, the defendant must show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Id.</u> Relief is only available to defendants who make "both showings." <u>Id.</u> In sentencing, "prejudice exists where the deficient performance affected a defendant's sentence." <u>United States v. Hankerson</u>, 496 F.3d 303, 310 (3d Cir. 2007).

The right to counsel attaches to all critical stages of the criminal process. Boyd v. Waymart, 579 F.3d 330, 351-52 (3d Cir. 2009). The guilty plea stage is a critical stage of the criminal process and an attorney's failure to communicate a prosecutor's plea bargain offer is a violation of the Sixth Amendment right to effective assistance of counsel. Id. Thus, we must determine whether the credible evidence presented at the section 2255 hearing establishes that the defendant's counsel adequately explained to him the terms of the government's plea bargain offer. After a careful review, we find that the credible evidence establishes that counsel did, in fact, fully explain the plea agreement to the defendant.

In the instant case, the government offered the defendant a plea agreement made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which binds the court to the sentence or sentencing range agreed to by the government and the defendant. Specifically the rule provides:

> An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. . . . [T]he plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does not apply (**such a recommendation or request binds the court once the court accepts the plea agreement**).

FED. R. CRIM. P. 11(c)(1)(C) (emphasis added).

The plea offered to the defendant provided for a sentence of 120 months. (Doc. 110, Def. Ex. A, Proposed Plea Agreement, ¶ 9) ("Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree to the following regarding the defendant's sentence: (1) the defendant and the government

4

agree that the appropriate prison sentence for the offense is 120-month term of imprisonment[.]"). Instead of accepting this plea, defendant chose to go to trial and the court ultimately sentenced him to 240 months of imprisonment.

Defendant argues that his appointed counsel incorrectly advised him that the court would not be bound by the agreement at sentencing. Accordingly, he decided to go to trial which exposed him to 240 months in prison, or twice that which the plea agreement provided. Defendant asserts that had counsel provided appropriate advice - that once the court accepted the plea, the maximum sentencing exposure was 120 months - then he would not have proceeded to trial but rather would have accepted the plea offer.

The government argues that it offered the defendant a plea agreement that was explained to him by two different defense attorneys. The proposed plea agreement, which the defendant never signed, provided that if the court sentenced the defendant to a sentence different from that agreed to by the parties, then he could withdraw from the agreement. (Doc. 110, beginning on page 7, Defendant's Exhibit A, Proposed Plea Agreement ¶ 9). The proposed agreement further indicated that the court would not be a party to the agreement and is not bound by it. If the court rejected it, however, no party would be bound. (Id. at ¶ 13).

Based upon a review of the evidence presented on this issue, the court makes the following findings of fact and conclusions of law:

The government offered several plea agreements to the defendant prior to trial. The first was forwarded to his initial attorney, Ysabel Williams who forwarded it to the defendant in jail. (Doc. 129, Notes of Testimony of

2255 Motion Hearing (hereinafter "N.T.") at 12).  Specifically, with regard to the issue at bar, the agreement provided:

> Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree to the following regarding the defendant's sentence: (1) the defendant and the government agree that the appropriate sentenced for the offense is 120-month term of imprisonment; (2) the parties agree that the appropriate sentence shall include a three-year term of supervised release to follow the prison sentence; (3) the defendant and the government further agree that the appropriate fine in this case shall be the minimum required under the applicable sections of the United States Sentencing Guidelines as determined by the Court; (4) the defendant and the government further agree that a forfeiture order be entered against the defendant for any and all property utilized to facilitate drug trafficking and any and all proceeds of drug trafficking including but not limited to all property seized by the agents during their investigation of the case; and (5) the defendant and the government further agree that the appropriate assessment in this case shall be $100.00.
> 
> The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case.
> 
> If at sentencing the court imposes a sentence different than that agreed to by the parties, then the defendant and the government has the right to withdraw from this agreement and withdraw any guilty plea entered pursuant to this agreement.

(Id. at 23-25).

In a letter to the defendant, Williams explained that the United States Attorney had agreed to a sentence of 120 months, which would be binding on the court.  If the court rejected the plea and insisted on a career offender enhancement, the defendant would have the right to withdraw the guilty plea.  (N.T. at 27).

Williams then left the public defender's office and the court appointed Gino Bartolai to the case.  Bartolai did nothing of relevance to the instant motion.  He also left the public defender's office, and the court replaced

6

him with Lori Ulrich, who ultimately tried the case. (Id. at 60).

Ulrich possessed thirteen years of experience with the Federal Public Defender's Office when she commenced her representation of the defendant. (Id. at 56). During those thirteen years, she represented forty (40) to fifty (50) clients per year. (Id. at 58). Hence, she is very familiar with plea bargaining procedures. She explains proposed plea agreements to her clients in layman terms, paragraph by paragraph. (Id. at 59). When she began her representation of the defendant, Ulrich reviewed his file in which a copy of Williams' letter had been placed. (Id. at 61). Ulrich concluded that the letter accurately explained the workings of a binding plea agreement. (Id. at 61-62).

In June 2006, Ulrich met with the defendant. He indicated to her that he would accept a plea bargain that included a sentence of five (5) years. Otherwise, he would proceed to trial. (Id. at 62).

The government provided Ulrich with a proposed plea agreement that contained terms similar to the one previously provided to the defendant. (N.T. at 66, 76). Instead of providing the five (5) year sentence that the defendant sought, the plea offer provided for a ten (10) year sentence. Ulrich and the public defender's office investigator, Jerry Gaetano, met with the defendant in July 2006. (Id. at 66-67). Ulrich explained the terms of the proposed plea agreement to the defendant. (Id. at 69). Defendant is a college graduate, and Ulrich is convinced that he understood the terms of the agreement. (Id. at 31, 69).

Ulrich fully explained that "if the Court did not accept the plea or the Court refused to impose the ten years that he could withdraw the plea and go to trial. [She] was very familiar [herself] with binding plea agreements. .

7

. . [H]e was fully aware that if the Court were to reject the ten-year deal, he could withdraw the plea. He would not be bound by it and he could go to trial or enter into further negotiations." (Id. at 69).[2] She answered all questions that he had, and she fully explained the plea offer to him. (Id.) The defendant indicated that he had no interest in a deal that included a ten-year sentence. (Id. at 81). Therefore, he rejected the plea. (Id. at 70).

Because of the failed plea negotiations, the government filed an indictment against the defendant. (Doc. 25, N.T. at 70). The court held a pretrial conference on November 3, 2006. (Doc. 46, Transcript of Pretrial Conference). At the pretrial conference, defendant indicated that he understood that the deal offered initially was the same as the later-offered deal. (Id. at 2-4).

The government verbally offered defendant a deal after the pretrial conference. Defendant rejected the deal, indicating that he had a plan. (N.T. at 71, 84).

Based upon all these facts, the court finds that defendant's counsel did explain the proposed plea agreements to him, and he understood their terms. Defendant's assertions that his counsel did not fully and adequately explain the agreements to him and that he would have pled guilty had they been explained properly is not credible. Accordingly, the court finds that defendant's counsel was effective with regard to the plea negotiations, and the instant motion has no merit. Thus, the defendant's motion will be denied. An appropriate order follows.

---

[2]Gaetano testified that Ulrich did indeed fully explain the binding plea agreement to the defendant. (N.T. at 88, 91).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MALIK ABUHAMID IBM  : No. 3:06cr255
WAKIL ABDUNAFI,  : No. 3:09cv696
      Petitioner  :
     : (Judge Munley)
  v.  :
     :
UNITED STATES OF AMERICA,  :
      Respondent  :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 24th day of June 2010, the last remaining issue in Malik Abuhamid Ibm Wakil Abdunafi's motion to vacate pursuant to 28 U.S.C. § 2255, relating to effectiveness of counsel in plea negotiations, is hereby **DENIED**. Based upon the reasoning in the accompanying memorandum, we decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c) and 3d Cir. LAR. 22. As this order disposes of the final issue left in this case, the Clerk of Court is directed to close this case.

                                 **BY THE COURT:**

                                 **s/ James M. Munley**
                                 **JUDGE JAMES M. MUNLEY**
                                 **United States District Court**